IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

DAVID LEE RUSSELL,

        Plaintiff,

v.                                                  Case No. 2:15-cv-00627

OFFICE OF GENERAL COUNSEL,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

On January 14, 2015, the *pro se* plaintiff initiated this civil action by filing a Motion to Compel Response (ECF No. 1) and a Motion to Expedite (ECF No. 2). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff is incarcerated at FCI Gilmer, which is located within the jurisdiction of the United States District Court for the Northern District of West Virginia.[1] According to the plaintiff's Motion to Compel Response and its attachments, the plaintiff initiated the administrative remedy process concerning a complaint about his medical treatment at FCI Gilmer by filing an informal resolution form (aka a BP-8) on or about April 15, 2014. (ECF No. 1, Ex. A).

---

[1] Because the plaintiff is not entitled to relief on the instant claim in any court, the undersigned is addressing the merits of the claim, rather than transferring the case to the United States District Court for the Northern District of West Virginia.

1

It appears that the plaintiff then filed his initial formal Request for Administrative Remedy (a BP-9), after unsuccessfully resolving the issue informally, on or about April 20, 2014. (*Id.* at 2). On April 25, 2014, the plaintiff's BP-9 was rejected and returned to the plaintiff because it did not provide specific information and did not match the complaint in his BP-8. (*Id.*, Ex. B).

On or about May 6, 2014, the plaintiff re-submitted and clarified his initial administrative remedy request. (*Id.*, Ex. C). On June 6, 2014, the Warden filed his response to the plaintiff's BP-9. (*Id.*, Ex. D). According to the plaintiff's motion, he disputed the accuracy of the Warden's response, and subsequently filed a Regional Administrative Remedy Appeal (BP-10) with the Federal Bureau of Prison's Mid-Atlantic Regional Office on or about July 7, 2014. (*Id.*, Ex. E-1A). On July 22, 2014, the Administrative Remedy Coordinator filed his response to the plaintiff's BP-10, which was rejected as being untimely. (*Id.*, Ex. E). However, on August 1, 2014, the Administrative Remedy Coordinator at FCI Gilmer, J. Fikes, authored a Memorandum to the Regional Administrative Coordinator, indicating that FCI Gilmer had been under institutional lockdown and that the plaintiff had not received his BP-9 decision until July 5, 2014. Accordingly, Coordinator Fikes requested that the 20-day time period for filing a BP-10 be run from August 1, 2014. (*Id.*, Ex. E-1).

The plaintiff's motion indicates that he further exhausted his administrative remedies by filing a Central Office Administrative Remedy Appeal (BP-11) with the Federal Bureau of Prisons' Office of General Counsel ("OGC"), in Washington, DC, in December 2014. However, there do not appear to be any specific exhibits of record to indicate specifically when the plaintiff received his response to his BP-10 or when the BP-11 was filed.

The plaintiff's Motion to Compel Response asserts that the OGC did not respond to his administrative remedy appeal (the BP-11) within the time period required by 28 C.F.R. § 542.18 (which the plaintiff contends to be 30 days)[2]; nor did the OGC request an extension of time to respond to the plaintiff's BP-11. Thus, on January 14, 2015, the plaintiff moved this court to compel a response from the OGC (ECF No. 1) and also filed a Motion to Expedite (ECF No. 2). This civil action has been construed by the undersigned as an action for mandamus relief pursuant to 28 U.S.C. § 1361.

## STANDARD OF REVIEW

This matter is pending before the undersigned for initial screening under 28 U.S.C. § 1915A because the plaintiff is a prisoner who is seeking relief from a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. The court must also dismiss a matter over which it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no

---

[2] According to 28 C.F.R. § 542.18, the response deadline by the OGC is actually within 40 calendar days of receipt of the BP-11 administrative remedy request. Because the plaintiff has not specified when his BP-11 was filed with the OGC, the undersigned cannot determine whether 40 days had expired at the time that the plaintiff filed his Motion to Compel Response on January 14, 2015.

longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. Mandamus is an extraordinary remedy available only if the plaintiff has exhausted all other avenues for relief and if the defendant owes him a clear, nondiscretionary duty. *Heckler v. Ringers*, 466 U.S. 602, 616 (1984). A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central S.C. Chapter, Soc. of Prof'l Journalists, Sigma Delta Chi v. United States Dist. Ct. for the Dist. of S.C.*, 551 F.2d 559, 562 (4th Cir. 1977). Thus, mandamus relief is only appropriate "when (1) the plaintiff has a clear right to relief; (2) the defendant a clear duty to act; and (3) no other adequate remedy exists." *Wolcott v. Sebelius*, 635 F.3d 768 (5th Cir. 2011).

## ANALYSIS

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001);

4

*Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth*, 532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. *See Porter*, 534 U.S. at 524 (citing *Booth*, 532 U.S. at 741) (emphasis added).

Moreover, in *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." *Woodford*, 548 U.S. at 92-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *Id.* at 101-102.

The Bureau of Prisons makes available to its inmates a three-level formal administrative remedy process if informal resolution procedures fail to achieve sufficient results. *See* 28 C.F.R. § 542.10, *et seq*. This process is begun by filing a Request for Administrative Remedy (BP-9) at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located (by filing a BP-10). For inmates confined at FCI Gilmer, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland. If the Regional Office denies relief, the inmate can appeal to the

OGC via a Central Office Administrative Remedy Appeal (by filing a BP-11 form). An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In this case, the plaintiff asserts that he timely filed administrative remedies up through the filing of a BP-11 with the OGC. (ECF No. 1, at 1-2). The plaintiff further asserts that the he did not receive a response from the OGC within 30 days of filing his BP-11, and the OGC did not request an extension of time to file a response. (*Id.* at 2).

However, 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, <u>the inmate may consider the absence of a response to be a denial at that level</u>." (Emphasis added). In other words, if no response is received, the grievance is deemed denied. Accordingly, when the OGC did not respond within the time period set forth in 28 C.F.R. § 542.18, the plaintiff could have considered his BP-11 administrative remedy to be deemed denied and that level of review exhausted. Based upon this fact, this court cannot compel the OGC to respond to the plaintiff's BP-11. Accordingly, it appears that the plaintiff's request for relief is now moot and mandamus relief is not warranted.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's request for relief is moot and that this matter must be dismissed for lack of subject matter jurisdiction.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the plaintiff's Motion to Compel Response (ECF No. 1) and Motion to Expedite (ECF No. 2) be **DENIED AS MOOT** and that this civil action be **DISMISSED** from the docket of the court.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

July 16, 2015

Dwane L. Tinsley
United States Magistrate Judge